Pamela Jarvis (PJ-1250)
Susan M. Davies (SD-1208)
GREGORY P. JOSEPH LAW OFFICES LLC
805 Third Avenue, 31st Floor
New York, New York 10022
Telephone:  (212) 407-1200

*Attorneys for Defendant*
  *Amedeo Hotels Limited Partnership*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| **457 MADISON AVENUE CORP.**, | **ECF CASE** |
| Plaintiff, | 04 Civ. 03030 (MBM/FM) |
| - against - | *NOTICE OF REMOVAL* |
| **AMEDEO HOTELS LIMITED PARTNERSHIP,** | |
| Defendant. | |

------------------------------------------------------------X

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 et seq., Rule 81(c) of the Federal Rules of Civil Procedure, and Local Civil Rule 81.1 of the United States District Courts for the Southern and Eastern Districts of New York, defendant Amedeo Hotels Limited Partnership alleges as follows:

1. Amedeo Hotels Limited Partnership has been named as the defendant in a civil action commenced on March 24, 2004 in the Supreme Court of the State of New York, New York County, Case Number 104603/2004, entitled 457 MADISON AVENUE CORP. v. AMEDEO HOTELS LIMITED PARTNERSHIP.

2. Copies of all process, pleadings and orders served on defendant to date in the above-described state court action (the "State Court Action") are attached to this Notice of Removal as **Exhibit A**. Since March 24, 2004, when process was served on defendant, the following proceedings have been had in the State Court Action. On March 24, 2004, an order was entered, *ex parte*, (1) temporarily tolling the time for plaintiff to cure certain violations of the lease between plaintiff and defendant relating to certain premises at 457 Madison Avenue, New York, NY (the "Lease"), as set forth in the Notice to Cure dated March 10, 2004 issued by defendant to plaintiff, (2) temporarily staying the time for plaintiff to renew the Lease, and (3) requiring defendant to appear on April 7, 2004 and show cause why the time periods for plaintiff to cure and renew the Lease should not be tolled and stayed pending determination of plaintiff's action for declaratory and permanent injunctive relief. On April 5, 2004, plaintiff and defendant stipulated to adjourn the return date of the order to show cause, and to extend defendant's time to respond to the complaint, to May 11, 2004. The parties' April 5, 2004 stipulation also set dates for the service of papers in opposition to and support of the order to show cause, and provided, *inter alia,* that the portion of the order to show cause tolling plaintiff's time to renew the Lease was withdrawn without prejudice. (A copy of the parties' April 5, 2004 stipulation is included in **Exhibit A**.)

3. The defendant first received the summons and complaint in the State Court Action on March 24, 2004, within 30 days of the filing of this Notice of Removal. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

4. This Court has original jurisdiction over this civil action based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Amount in Controversy

5.      This is an action in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, in that plaintiff seeks, *inter alia,* a declaration that it is entitled to renew the Lease for twenty-two years at a rent not less than $180,850 per annum, and defendant disputes that plaintiff has any right to renew the Lease.

Diversity of Citizenship of the Parties

6.      Upon information and belief, plaintiff 457 Madison Avenue Corp. is and was at the time of the commencement of this action a not-for-profit corporation organized and existing under the laws of the State of New York, having its principal place of business in New York City, New York.

7.      Defendant Amedeo Hotels Limited Partnership is and was at the time of the commencement of this action a limited partnership between and among the following entities: defendant's sole general partner, PH Partners, Inc., and defendant's sole limited partner, Palace Holdings Inc., both corporations organized and existing under the laws of the State of Delaware and having their principal places of business in Wilmington, Delaware.  Defendant is and was at the time of the commencement of this action organized under the laws of the State of New York, with its principal place of business in New York City, New York.  Because defendant is a limited partnership, diversity of citizenship depends on the citizenship of its partners, who are not citizens of New York State.

8.      Accordingly, there is diversity of citizenship between the parties as required under 28 U.S.C. §1332.

WHEREFORE, the undersigned files this notice to remove the above action, now pending in the Supreme Court of the State of New York, New York County, Case Number 104603/2004, from that court to this Court.

Dated: New York, New York
      April 20, 2004

GREGORY P. JOSEPH LAW OFFICES LLC

By:   s/ Pamela Jarvis (PJ-1250)
Pamela Jarvis (PJ-1250)
Susan M. Davies (SD-1208)
805 Third Avenue, 31st Floor
New York, New York  10022
Telephone:  (212) 407-1200

*Attorneys for Defendant*
  *Amedeo Hotels Limited Partnership*

<u>OF COUNSEL</u>

Frederic C. Weiss (FW-0010)
Handsman & Kaminsky LLP
101 East 52nd Street, 10th Floor
New York, New York  10022
Telephone :  (212) 750-3636

4